[Civ. Nos. 18824, 18806. Fourth Dist., Div. One. July 14, 1980.]

GENERAL DYNAMICS CORPORATION,
Plaintiff and Appellant, v.
COUNTY OF SAN DIEGO et al., Defendants and Appellants.

COUNSEL

Gray, Cary, Ames & Frye, Peter G. Aylward, Lance C. Schaeffer, Mark L. Mann, Paul J. Dostart, F. P. Crowell and H. Cushman Dow for Plaintiff and Appellant.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and Jack Limber, Deputy County Counsel, for Defendants and Appellants.

George Deukmejian, Attorney General, and Neal, J. Gobar, Deputy Attorney General, as Amici Curiae on behalf of Defendants and Appellants.

OPINION

**BROWN (Gerald), P. J.—**

COUNTY'S APPEAL

Each year the county assessor must identify and value all local property for state taxation (Rev. & Tax. Code, § 601). To aid in the procedure, many California companies are required to submit a business property statement (BPS) itemizing and calculating the total value of business property subject to the tax (see Rev. & Tax. Code, § 441).

During April and May the assessor's office processes thousands of these statements. By July 1, a tax must be assessed against each company based on the valuation of the property reported in the BPS. The entry of an assessment on the tax rolls under these circumstances, however, is not a final determination of tax liability.[1] If a later audit discloses property which has either been underassessed or escaped assessment entirely, the assessor may retroactively collect the taxes owed by levying an "escape assessment." (Rev. & Tax. Code, § 531.)

In 1971 and 1972, General Dynamics reported its cumulative costs for special tooling used in a project for McDonnell Douglas. In arriving

---

[1] Revenue and Taxation Code sections 441, subdivision (d), 469; this notice is printed on the BPS: "This return is subject to audit with all records kept by you and may be compared with federal and state income tax returns. Items and costs listed are subject to revision in accordance with additional information obtained."

at adjusted valuations, however, General Dynamics valued the tooling as "inventory" (rather than a "fixed asset") and took several deductions appropriate for "inventory" but not appropriate for "fixed assets." The San Diego County Assessor disagreed with the valuation of the tooling as "inventory" but nevertheless enrolled the reported adjusted values for those years before an audit of the taxpayer's BPS. On audit several years later, the assessor confirmed that the reported cumulative costs were correct but the assessor also determined the tooling should be valued as a "fixed asset" at a higher value than enrolled. Escape assessments were then levied.

The assessment appeals board[2] reviewed the valuation method used by General Dynamics for the two years and found it to be incorrect. The company paid the escape assessments under protest and sued to recover its money. █ The superior court determined the county assessor had acted without authority in retroactively assessing values which were not assessed in the original tax assessments, and concluded General Dynamics was entitled to recover the sums paid.

The county appeals, contending the assessor not only has the right, but also a duty, to impose escape assessments against property which has eluded taxation, no matter what the reason. In support of the court's decisions, General Dynamics argues a tax may be collected retroactively only in those situations specifically provided for by the Revenue and Taxation Code.[3]

---

[2]An administrative appeal was pursued by General Dynamics under Revenue and Taxation Code section 1605 et seq.

[3]Revenue and Taxation Code section 531 et seq. In particular see Revenue and Taxation Code section 531: "If any property belonging on the local roll has escaped assessment, the assessor shall assess the property on discovery at its value on the lien date for the year for which it escaped assessment. It shall be subject to the tax rate in effect in the year of its escape except as provided in Section 2905 of this code.

"Property shall be deemed to have escaped assessment when its owner fails to file a property statement pursuant to the provisions of Section 441, to the extent that this failure results in no assessment or an assessment at a valuation lower than would have obtained had the property been properly reported. Escape assessments made as the result of an owner's failure to file a property statement as herein provided shall be subject to the penalty and interest imposed by Sections 463 and 506, respectively. This paragraph shall not constitute a limitation on any other provision of this article."

Revenue and Taxation Code section 531.3: "If the assessor requires an assessee to describe personal property in such detail as shows the cost thereof but the assessee omits to report the cost of the property accurately, notwithstanding that this information is available to the assessee, to the extent that this omission on the part of the assessee causes the assessor not to assess the property or to assess it at a lower valuation than he would enter upon the roll were the cost reported to him accurately, that

Although the mechanics of property taxation are embodied in the enabling legislation, the fundamentals of equal taxation at full value are mandated by the California Constitution.[4] ██ It is directly from the Constitution that the county assessor derives the power and duty "'not to allow anyone to escape a just and equal assessment through favor, reward or otherwise'" (*Knoff* v. *City etc. of San Francisco* (1969) 1 Cal.App.3d 184, 196 [81 Cal.Rptr. 683]). This power is enforceable even without the enactment of any positive statutory authorization (*Bauer-Schweitzer Malting Co.* v. *City and County of San Francisco* (1973) 8 Cal.3d 942, 945 [106 Cal.Rptr. 643, 506 P.2d 1019]). ██ An escape assessment can, and must, be levied despite the Legislature's failure to specifically provide for one in the circumstances of this case. The direct constitutional grant of authority may not be "modified, curtailed or abridged" by the Legislature through either its silence or direct enactment (*Hewlett-Packard Co.* v. *County of Santa Clara* (1975) 50 Cal.App.3d 74, 81 [123 Cal.Rptr. 195]).[5] The superior court erred in granting recovery to General Dynamics based on a determination the escape assessments were invalid.

██ The county assessor's duty to assure uniformity in taxation bestows upon him the power to retroactively collect taxes due, regardless of the relative culpability of the parties. General Dynamics' suggestion

---

portion of the property as to which the cost is unreported, in whole or in part, shall be assessed as required by law...."

Section 531.4: "When an assessee files with the assessor a property statement or report on a form prescribed by the board with respect to property held or used in a profession, trade or business and the statement fails to report any taxable tangible property accurately, regardless of whether this information is available to the assessee, to the extent that this failure causes the assessor not to assess the property or to assess it at a lower valuation than he would enter on the roll if the property had been reported to him accurately, that portion of the property which is not reported accurately, in whole or in part, shall be assessed as required by law...."

Section 531.5: "If a business inventories exemption has been incorrectly allowed because of erroneous or incorrect information submitted by the taxpayer or his agent misclassifying as business inventories property not includible in 'business inventories,' as that term is defined in Section 129, an escape assessment in the amount of the exemption shall be made on discovery of the error...."

[4] California Constitution article XIII: "Sec. 1. Unless otherwise provided by this Constitution or the laws of the United States:

"(a) All property is taxable and shall be assessed at the same percentage of fair market value. When a value standard other than fair market value is prescribed by this Constitution or by statute authorized by this Constitution, the same percentage shall be applied to determine the assessed value. The value to which the percentage is applied, whether it be the fair market value or not, shall be known for property tax purposes as the full value.

"(b) All property so assessed shall be taxed in proportion to its full value."

[5] We find support in the language of section 531 itself: "This paragraph shall not constitute a limitation on any other provision of this article."

that, on balance, equity supports the superior court's decision is without merit. Whether General Dynamics was acting in good faith, or whether the assessor was careless is not the issue here. "No meaningful distinction can be perceived between a taxpayer who has received a windfall by reason of an assessor's honest mistake and one who is an innocent beneficiary of official misconduct; in either event, the local government incurs losses of tax revenue to which it is rightfully entitled. It is no defense that the parties have acted in complete good faith." (*Hewlett-Packard Co.* v. *County of Santa Clara, supra,* 50 Cal.App.3d 74, 81, citing *Ex-Cell-O Corp.* v. *County of Alameda* (1973) 32 Cal.App.3d 135, 138 [107 Cal.Rptr. 839].)

CROSS-APPEAL

General Dynamics' cross-appeal involves different facts. In 1972 certain raw materials belonging to the company escaped taxation as "business inventory" through inadvertence. In 1975 the county retroactively assessed the tax owed based on the full value of the materials. General Dynamics did not challenge the validity of the escape assessment but claimed entitlement to a statutory 30 percent business inventory exemption for the fiscal year 1972.[6]

This claim was included in General Dynamics' action against the county as a separate cause of action. █ The superior court determined General Dynamics was not entitled to the exemption based on an additional clause of the 1972 statute which excludes business inventories assessed as escaped property.[7]

General Dynamics appeals that portion of the decision, claiming the 1975 escape assessment must reflect the 30 percent exemption because the applicable statute was amended in 1974 to exclude only business inventory which escaped taxation due to the willful or fraudulent conduct

---

[6]Revenue and Taxation Code section 219: "Business inventories shall be assessed for taxation at the same ratio of assessed to full cash value as the ratio specified in Section 401. After such property has been so assessed, 30 percent of the assessed value of such property shall be exempt from taxation through the 1972-1973 fiscal year, and such exemption shall be indicated on the assessment roll...." (As of 1972.)

[7]Revenue and Taxation Code section 219: "The exemption provided for in this section shall not apply to business inventories assessed as escaped property under the provisions of Sections 531.3, 531.4 or 531.5." (As of 1972.)

of the taxpayer.[8] Since the earlier underassessment of its property was not the result of any culpable conduct, General Dynamics asserts it is entitled to benefit from the 1974 amendment.

An escape assessment, however, is levied according to the law existing in the fiscal year in which the underassessment occurred (Rev. & Tax. Code, § 531; see *Beckman Instruments, Inc.* v. *County of Orange* (1975) 53 Cal.App.3d 767, 778 [125 Cal.Rptr. 844]). ■ The 1974 amendment limiting the exclusionary clause of the business inventory exemption to property which has escaped taxation as a result of the taxpayer's culpable conduct applies only to future escape assessments levied for tax years after 1974.[9] The assessment standards division of the State Board of Equalization issued an instructional letter to California assessors on September 15, 1975, which provides the following illustration: "[L]et's assume a taxpayer is audited in October 1975. The lien dates under audit are 1972, 1973, 1974, and 1975. The audit indicates the taxpayer has underreported inventory on a property statement for all four years. The underreporting was *not* willful or fraudulent so a penalty assessment under Section 504 is not applicable. The inventory exemption should be allowed against the inventory escaping for the 1975 lien date only. The Chapter 1441 amendment *would not* apply to the inventory escaping for the 1972, 1973, or 1974 lien dates."

---

[8]Revenue and Taxation Code section 219: "The exemption provided for in this section shall not apply to business inventories assessed as escaped property under the provisions of Sections 531.3, 531.4 or 531.5 where (1) the omission is willful or fraudulent, (2) the failure to report the property accurately is willful or fraudulent, or (3) the exemption was incorrectly allowed because of erroneous or incorrect information submitted by the taxpayer or his agent with knowledge that such information was erroneous. The board shall prescribe all procedures and forms required to carry this exemption into effect and to insure accurate data for reimbursement calculations." (As of 1974.)

[9]An unpublished Attorney General opinion dated December 11, 1974, and sent to the California Director of Finance, advised as follows: "1. Section 2 of Statutes 1974, chapter 1441, limits the application of the extension of the business inventory exemption to property which will be subject to taxation in the 1975-76 fiscal year. The amendment has no application to business inventories which escaped taxation in prior years.

"2. The extension of the business inventory exemption to property escaping assessment will first become applicable to property escaping assessment on the March 1, 1975, lien date, the taxes on which are applicable to the 1975-76 fiscal year.

"· · · · · · · · · · · · ·

"To give the extension of the business inventory exemption a retroactive effect reaching back into prior years just because an audit conducted under section 469 might cover years prior to 1975 would do violence to the legislative intent of making the

■ Under California law, interpretations of statutory provisions by state administrative agencies are entitled to great weight in construing such provisions, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized (*Coca-Cola Co. v. State Bd. of Equalization* (1945) 25 Cal.2d 918, 921 [156 P.2d 1]). The superior court properly denied General Dynamics' claim to the exemption.

## DISPOSITION

Those parts of the judgments allowing recovery by General Dynamics of taxes retroactively collected upon the discovery of the valuation error on its 1971 and 1972 business property statements are reversed. The judgment denying General Dynamics' claim to the exemption is affirmed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied July 30, 1980, and the petition of plaintiff and appellant for a hearing by the Supreme Court was denied September 24, 1980.

---

amendment equally applicable to all taxpayers similarly situated. Thus, if the amendment to section 219 were retroactively applied, a taxpayer audited during 1974 would not get the exemption on an escape assessment, whereas a taxpayer audited in 1975 would. In the absence of a specific intent to make tax statutes retroactive, the courts have stated that such intent shall not be inferred. (*East Bay Municipal U. Dist.* v. *Garrison*, 191 Cal. 680, 692 (1923); *L.A. City School Dist.* v. *Landier Inv. Co.*, 177 Cal.App.2d 744, 755 (1960). In light of the express provisions of section 2 of the act, no retroactive application thereof may properly be given."